OPINION OF THE COURT
Memorandum.
In each case, the order of the Appellate Division should be affirmed, with costs, essentially for the reasons stated in the memorandum of that court. We add only (1) that legislative authorization to require waiver of the benefits of section 626 of the Real Property Tax Law exists in section 369 of the New York City Charter, which empowers the board of estimate to determine the adequacy of the proposed compensation and embody its determination in a contract with conditions (see Blanshard v City of New York, 262 NY 5, 12), and (2) that because the waiver clause materially affects the compensation to be received by the city, the continuation clause contained in the 1972 contract, by which the company agrees notwithstanding termination of the contract to pay for its use of the franchised *626 facilities “compensation at the rates in effect immediately prior to such termination * * * together with all taxes it would have been required to pay had its operation been duly authorized” carries with it the waiver of section 626 of the Real Property Tax Law, because otherwise the compensation to be received by the city for the facilities after termination would be materially reduced.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
In each case: Order affirmed, with costs, in a memorandum.